# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW M. GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendants. | Case No.: 1:17-cv-0227 - JLT<br><br>ORDER TO PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR HIS FAILURE TO COMPLY WITH THE COURT'S ORDER |

Andrew Gallegos initiated this action for judicial review of the administrative decision denying his application for Social Security benefits by filing a complaint on February 15, 2017. (Doc. 1) Plaintiff has been represented in this action by Steven Gilbert Rosales. However, a review of the record indicates that Mr. Rosales has failed to comply with the Court's orders.

The Court issued its Scheduling Order governing the matter on February 21, 2017. (Doc. 6) The Court ordered Plaintiff to "serve on respondent a letter brief outlining the reasons why he/she contends that a remand is warranted" within thirty days after the service of the administrative record. (*Id.* at 2) The letter brief was to give notice to the Commissioner of Social Security of the alleged error of the administrative law judge, and Plaintiff was directed to file "[a] separate proof of service reflecting that the letter brief was served" upon the Commissioner. (*Id.*) Because the administrative record was lodged on July 7, 2017, the confidential letter brief should have been served no later than

August 6, 2017. However, a proof of service was not filed with the Court indicating compliance with this deadline.

On August 30, 2017, the Court ordered Plaintiff to show cause "why the action should not be dismissed for failure to prosecute or to follow the Court's Order or, in the alternative, to proof of service of the confidential letter brief." (Doc. 12 at 2) In response, Plaintiff filed a proof of service, indicating the letter brief had been served upon Defendant, though after the initial deadline set forth in the Court's Scheduling Order. (*See* Doc. 13)

Defendant served her response to the confidential letter brief on September 13, 2017. (Doc. 15) In the Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within thirty days of the date of service of the Commissioner's response. (*See* Doc. 6-1 at 2 and 4, explaining the applicable briefing deadlines) Thus, Plaintiff was to file his opening brief in this action no later than October 13, 2017. (*See id.*) Again, Plaintiff failed to comply with the Court's order, and did not request an extension of time. Therefore, the Court issued a second order to show cause on October 16, 2017, directing Plaintiff to show cause "why the action should not be dismissed for failure to prosecute or to follow the Court's Order or, in the alternative, to file an opening brief." (Doc. 16 at 2) In response, Plaintiff filed his opening brief. (Doc. 17)

Significantly, Mr. Rosales failed to comply with the Court's order regarding the contents of the opening brief. Pursuant to the Court's Scheduling Order, the opening brief was required to include:

> (a) a plain description of appellant's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;
>
> (b) a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy; [and]
>
> (c) a summary of the relevant testimony at the administrative hearing…

(Doc. 6-1 at 3) The parties were informed that "[b]riefs that do not substantially comply with these requirements will be stricken." (*Id.* at 4)

Despite the fact that Plaintiff's sole argument on appeal is that the ALJ erred in assessing the credibility of his testimony regarding his subjective complaints, Mr. Rosales failed to summarize the relevant testimony of the administrative hearing. Further, he failed to summarize Plaintiff's alleged

2

physical impairments and how they rendered him disabled from work, and failed to summarize the relevant medical evidence—including evidence that may have supported Plaintiff's testimony at the administrative hearing.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (sanctioning the plaintiff for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (issuing sanctions for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days**, Steven Rosales is **ORDERED** to show cause why sanctions—including striking of the opening brief and dismissing the action— should not be imposed for his failure comply with the Court's orders.

IT IS SO ORDERED.

    Dated:   **March 29, 2018**                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE